**SIGNED this 13 day of May, 2022.**



_____
**John T. Laney, III
United States Bankruptcy Judge**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| TANJI MCBRIDE | ) | Chapter 13 Proceeding |
| | ) | |
| Debtors, | ) | Case No. 20-40454- JTL |
| _____ | ) | _____ |
| | ) | |
| TANJI MCBRIDE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary No. 20-4007 |
| v. | ) | |
| | ) | |
| WELLS FARGO BANK, N.A. | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION ON PARTIES'
CROSS MOTIONS FOR SUMMARY JUDGMENT**

1

This above-styled adversary proceeding came before the Court on cross motions for summary judgment filed by Plaintiff, Tanji McBride and Defendant, Wells Fargo Bank, N.A. "Wells Fargo." Pl.'s Mot. for Summ. J., Doc. 57.; Def.'s Mot. for Summ. J., Doc 67. After reviewing the arguments of the parties, this Court finds CARES Act foreclosure moratorium does not apply to the recordation of the Plaintiff's foreclosure deed. The Court, therefore, grants the Defendant's motion for summary judgment and denies Plaintiff's motion for summary judgment.

I.   **FACTUAL FINDINGS AND PROCEDURAL POSTURE**

The Plaintiff executed a security deed on or about April 6, 2015, to Mortgage Electronic Registration as grantee and nominee for Bank South Mortgage Corporation, LLC, "Bank South," for her primary residence. Pl.'s Statement of Uncontested Facts, Doc. 59; Def.'s Statement of Uncontested Facts, Doc. 71. The deed was insured by the Federal Housing Authority, the "FHA." *Id.* Mortgage Electronic Registration as grantee and nominee for Bank South assigned the deed to the Defendant. on January 3, 2017, and the assigned deed was recorded on January 6, 2017. *Id*.

Sometime before March 2020, the Plaintiff defaulted on her mortgage payments. Pl.'s Statement of Uncontested Facts, Doc. 59. On March 3, 2020, the Defendant cried out the foreclosure of the Plaintiff's home and, for $11,650.00, became the highest bidder. *Id.*.; Def.'s Statement of Uncontested Facts, Doc. 71. The deed was executed on March 12, 2020, and was recorded April 10, 2020. *Id*. On March 27, 2020, between the sale and execution of the deed and the recordation of the deed, the Coronavirus Aid, Relief, and Economic Security Act, the "CARES Act," was signed into law. *Id*. On July 20, 2020, Najarian purchased the property from the Defendant and the Defendant executed a limited warranted deed to Najarian. *Id*.

The Plaintiff filed Chapter 13 bankruptcy on June 5, 2020, and filed this adversary proceeding on August 4, 2020, claiming that the Defendant violated the CARES Act by recording the foreclosure deed during the federal foreclosure moratorium and that the subsequent transfer to Najarian was void. *Id.*; Pl.'s Mot. for Summ. J., Doc. 57. The Plaintiff filed a motion for summary judgment on March 1, 2022. Pl.'s Mot. for Summ. J., Doc. 57. The Defendant responded with opposition on March 22, 2022, and filed its own motion for summary judgment on March 28, 2022, to which the Plaintiff responded on April 13, 2022. Def.'s Resp. with Opp'n, Doc. 64; Def.'s Mot. for Summ. J., Doc. 67; Pl.'s Resp. with Opp'n, Doc. 77. The Court heard arguments on the motions on May 9, 2022, and took the matter under advisement. Hr'g Held, Doc. 78.

## II.    SUMMARY JUDGMENT STANDARD

Under Federal Rule of Bankruptcy Procedure 7056, which incorporates the Federal Rule of Civil Procedure Rule 56, granting summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 317 (1986). Because the facts in this case are largely undisputed, the Court focuses on the parties' differing interpretations of the law.

## III.    DISCUSSION

The parties disagree as to the effect of the CARES Act on the foreclosure sale's effect on the Plaintiff's rights to the property. The CARES Act states, "[e]xcept with respect to a vacant or abandoned property, a servicer of a Federally backed mortgage loan may not initiate any judicial or non-judicial foreclosure, move for a foreclosure judgment or order of sale, or execute a

3

foreclosure-related eviction or foreclosure sale for not less than the 60-day period beginning on March 18, 2020." Pub. L. No. 116–136, 134 Stat. 281 (2020). The Plaintiff believes the recordation of the deed after the enaction of the CARES Act violated its foreclosure moratorium. Pl.'s Mot. for Summ. J., Doc. 57. The Defendants argue that, under Georgia law, a foreclosure sale is consummated when the deed is executed. Def.'s Mot. for Summ. J., Doc. 67. Since the deed in this case was executed before the CARES Act's passage meaning the sale was completed, the Defendant posits the CARES Act does not apply. *Id*. Georgia law and the cannons of statutory interpretation support the Defendant's interpretation and its motion for summary judgment should be granted and the Plaintiff's motion for summary judgment should be denied.

First, this Court looks at Georgia law. Georgia law only requires the execution of the deed, not the recordation of the deed, to extinguish the debtor's right to the property. The Georgia Supreme Court found in *Tampa Inv. Grp., Inc. v. Branch Banking & Tr. Co.,* 723 S.E.2d 674, 678 (2012), "[u]ntil a deed under power is transferred and consideration is passed, the sale itself has not occurred; there is only a contract to buy and sell." (internal citations omitted). The Georgia Supreme Court, states, in other words, that a that a sale has consummated when the deed is transferred when consideration has passed. While there is no evidence on the record of the transfer of consideration, neither party denies consideration was passed. Pl.'s Statement of Uncontested Facts, Doc. 59; Def.'s Statement of Uncontested Facts, Doc. 71. The parties also agree that the deed was executed on March 12, 2020, before the CARES Act was passed. *Id*. Therefore, under Georgia law, the sale was finalized by the execution of the deed before the passage of the CARES Act meaning the CARES Act protections do not apply to the Plaintiff's case.

4

Judge Drake's opinion in *In re Haynes*, No. 07-10365-WHD, 2007 WL 7141218, at *1 (Bankr. N.D. Ga. Apr. 17, 2007) affirms this Court's interpretation of Georgia law. The debtors, in that case, opposed the mortgagee's relief from stay motion claiming the foreclosure sale on the debtors' property was incomplete when the debtors filed for Chapter 13 bankruptcy. *Id*. The foreclosure sale was conducted on February 6, 2007, and the deed was executed between that time and February 10, 2007, when the deed was mailed to the Meriwether County clerk's office for recording. *Id*. The debtors filed for bankruptcy on February 11, 2007 and the deed was recorded on February 15, 2007. *Id*. The court found that the sale was completed when the highest bid was accepted, and the deed was executed. *Id*. at *2.

Judge Drake distinguished the facts in *Haynes* from Judge Hershner's opinion in *In re Geiger*, 340 B.R. 422 (Bankr. M.D. Ga. 2006). In that case, the debtor also contested whether a foreclosure sale was complete. *Id*. at 423. The sale of the debtor's property occurred less than an hour before the debtor declared bankruptcy and the deed was not executed or recorded in the interim. *Id*. Judge Hershner found the foreclosure sale was not consummated because "[n]o foreclosure deed was executed." *Id*. at 425. While in both cases, the sales were cried out before the bankruptcy cases were commenced, the deed in the *Haynes* case, unlike the deed in the *Geiger* case, was executed before the debtors filed for bankruptcy, therefore Judge Drake found the sale in the *Haynes* was consummated. *In re Haynes*, 2007 WL 7141218, at *3.

In this case, the sale had occurred, the highest bid was accepted, and the deed was executed before the CARES Act was passed. The foreclosure sale, therefore, was complete before the passage of the CARES Act. Because the sale was consummated before the passage of the CARES Act, the protections in the CARES act are inapplicable to the Plaintiff's case and the Defendant's motion for summary judgment should be granted.

Aware of the foreclosure sale standard under Georgia law, the Plaintiff argues that the CARES Act expanded certain state rights and Congress meant to cease all foreclosure related activities including the recordation of a foreclosure deed. Pl.'s Mot. for Summ. J., Doc. 57. The plain meaning of the CARES Act does not support that interpretation.

Before looking at legislative intent, the Court must look at whether the plain meaning of the statute is clear. *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999). *See also Est. of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 475 (1992) ("When a statute speaks with clarity to an issue[,] judicial inquiry into the statute's meaning, in all but the most extraordinary circumstance, is finished.") The Plaintiff argues that the plain meaning of the CARES Act encompasses the recordation of a foreclosure deed because the CARES Act expanded the rights of mortgagors against lenders and Congress intended to prohibit all foreclosure actions. Pl.'s Mot. for Summ. J., Doc. 57. This Court disagrees.

The CARES Act states lenders "…may not initiate any judicial or non-judicial foreclosure, move for a foreclosure judgment or order of sale, or execute a foreclosure-related eviction or foreclosure sale…" during the prescribed period. Pub. L. No. 116–136, 134 Stat. 281 (2020). Recording a foreclosure deed is not listed in the enjoined activities. Had Congress intended to expand the rights of mortgagors beyond the scope of the enumerated prohibitions, Congress would have included broader language or specific language doing so. Instead, Congress specified the actions barred by the CARES Act's passage. The plain language of the CARES Act does not support the Plaintiff's interpretation that Congress intended a blanket ban on all foreclosure-related activities, and therefore the Plaintiff's motion for summary judgment should be denied.

The parties' remaining arguments are moot by the resolution of the first issue. Therefore, the Court need not address them.

## IV. CONCLUSION

For the reasons set forth above, the Court grants the Defendant's motion for summary judgment and denies the Plaintiff's motion for summary judgment. An order will be entered accordingly.

END OF DOCUMENT